IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-373-GCM-DCK

| | |
|---|---|
| HAROLD A. REECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Commissioner's Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be granted, to the extent Plaintiff seeks remand for a new hearing; that "Commissioner's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Harold A. Reece ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). Plaintiff seeks a determination that he is entitled to supplemental security income; or in the alternative, remand of this case to Defendant for a new hearing. Id.

On or about August 24, 2011, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work

due to a disabling condition beginning August 26, 2011. (Transcript of the Record of Proceedings ("Tr.") 17, 138, 701). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about October 27, 2011, and again after reconsideration on February 17, 2012. (Tr. 90, 96). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of hip, back, depression, alcoholism.
> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 96).

Plaintiff filed a timely written request for a hearing on February 28, 2012. (Tr. 17, 106). On December 19, 2012, Plaintiff appeared in Asheville, NC and testified at a video hearing before Administrative Law Judge S. D. Schwartzberg (the "ALJ") in Kingsport, TN. (Tr. 17, 47-70). In addition, Ms. Donna J. Bardsley, a vocational expert ("VE"), and Ms. Leah Broker, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 11, 2013, denying Plaintiff's claim. (Tr. 14-27). On March 12, 2013, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 15, 2014. (Tr. 1-3, 12). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1). Plaintiff then filed an appeal in this Court on July 9, 2014. Reece v. Berryhill, 1:14-CV-175-GCM (Document No. 1) (W.D.N.C. July 9, 2014) (the "original action"). The

parties ultimately filed a "Consent Motion For Reversal And Remand…" in the original action and this matter was remanded to the Commissioner on or about February 25, 2015. Id. at (Document Nos. 14, 15, and 16); see also (Tr. 451-453).

The ALJ conducted a remand hearing on December 9, 2015, in Asheville, North Carolina. (Tr. 400-427). At the second hearing, Plaintiff was again represented by Leah Broker, and Kathleen Robbins appeared as a VE. Id. On December 22, 2015, the ALJ again denied Plaintiff's application for supplemental security income. (Tr. 701-712). The Appeals Council then denied review on September 16, 2016, and thus, the ALJ's decision of December 22, 2015, became the final decision of the Commissioner. (Tr. 367, 701).

Plaintiff's renewed "Complaint" seeking reversal or remand of the ALJ's second decision was filed in this Court on November 15, 2016. (Document No. 1). On December 1, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 13) were filed May 15, 2017; and "Commissioner's Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 16) were filed June 14, 2017. "Plaintiff's Response To Defendant's Motion For Summary Judgment" (Document No. 19) was filed June 28, 2017.

The pending motions are ripe for review and disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

3

Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 24, 2011, and the date of

his decision.[1]  (Tr. 701).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

1203;  Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016).  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 711-712).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 24, 2011, his application date.  (Tr. 703).  At the second step, the ALJ found that "musculoskeletal impairments related to chronic low back and hip pain with radiculopathy;  and depression" were severe impairments.[2]  (Tr. 703).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 704-705).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work, with the following limitations:

> he can stand and walk for four hours and sit for six hours;  he can perform postural activities occasionally, but never climb ladders, ropes, or scaffolds;  he should avoid concentrated exposure to hazards and vibration;  and he is limited to simple, unskilled work.

(Tr. 705). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p."  Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a mason, a produce stock clerk, and a machine operator.  (Tr. 711).  At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the

---

[2]  The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

national economy that Plaintiff could perform. (Tr. 711). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as a cashier, a surveillance system monitor, and a routing clerk. (Tr. 712). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time since August 24, 2011, the date the application was filed. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly assess Plaintiff's mental RFC pursuant to SSR 96-8p and Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); (2) the ALJ relied on testimony by the VE that conflicted with the DOT; and (3) the ALJ failed to give proper weight to the Plaintiff's GAF scores. (Document No. 13, p.4). In this case, the undersigned is persuaded that Plaintiff's first alleged error provides sufficient cause for remand.

**Applicability of Mascio v. Colvin**

In her first assignment of error, Plaintiff effectively argues that the ALJ erred in the formulation of the RFC, both under agency ruling as set forth in SSR 96-8p, and in Mascio v. Colvin. (Document No. 13, pp. 5-12). Plaintiff asserts that

> [t]he ALJ only said Reece is limited to 'simple, unskilled work' (Tr. 705) and does not make a finding as to Reece's ability to stay on task in light of his moderate difficulties in concentration, persistence, or pace.

(Document No. 13, p.6). Plaintiff contends that pursuant to Mascio, "only a determination of Reece's ability to stay on task would account for his limitation in concentration, persistence, or pace." Id. Moreover, Defendant must determine whether Reece can perform work-related functions and explain his "ability to perform them for a full workday." (Document No. 13, pp.6-7) (quoting Mascio, 780 F.3d at 637).

7

In response, Defendant acknowledges that "Mascio found that a 'moderate' limitation in concentration, persistence or pace **required additional discussion at the RFC level**, although the Fourth Circuit still noted that it would be reasonable to find that the moderate limitation does not preclude the ability to work." (Document No. 16, p.11) (citing Mascio, 780 F.3d a 638) (emphasis added). Defendant then argues that "the ALJ fully discussed this in his RFC and explained his reasons for his RFC limitations." (Document No. 16, p.12).

The undersigned is not persuaded that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding. Contrary to Defendant's argument regarding the RFC, it appears that the ALJ only addressed limitations with concentration, persistence, and pace ("CPP") by stating "he is limited to simple, unskilled work." (Tr. 705). Defendant does correctly note that the ALJ mentions CPP in the step three discussion, but the undersigned is not satisfied this reference satisfies the requirements of the regulations and Mascio. See (Document No. 16, p.12) (quoting Tr. 704).

Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation, is not adequate. (Tr. 68). In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638; see also (Document No. 13, p.6).

Here, the ALJ's hypothetical to the VE limited Plaintiff to "simple, unskilled work;" however, neither the ALJ, Plaintiff's counsel, nor the VE discussed Plaintiff's ability to stay on

8

task and to work for a full workday.  See (Tr. 421-426); see also (705-712).  It also does not appear that there was any other discussion involving Plaintiff's mental limitations at the hearing.  Id.  Instead, there seemed to be more focus on Plaintiff's ability to sit and stand.  Id.

In short, the undersigned finds Plaintiff's position on this issue to be compelling. (Document Nos. 13 and 19).  "[T]he ability to perform simple tasks differs from the ability to stay on task."  Mascio, 780 F.3d at 638.  The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin.  See also Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017);  Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017);  Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017);  Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017);  and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

## IV.    CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards.  As such, this matter should be remanded.  On remand, an ALJ should review each of Plaintiff's alleged errors and give proper attention to any limitations in concentration, persistence, and pace, in accordance with Mascio.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) be **GRANTED**; "Commissioner's Motion For Summary Judgment" (Document No. 15) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration, as directed herein.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 30, 2018

David C. Keesler
United States Magistrate Judge